FILED

MAR 11 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



ESTATE OF KIRK ANTHONY FOSTER, through Kelly M. Foster, Personal Representative for the Estate of Kirk Anthony Foster; KELLY M. FOSTER, as an individual,

          Plaintiffs-Appellants,

 v.

AMERICAN MARINE SVS GROUP BENEFIT PLAN; UNITED OF OMAHA LIFE INSURANCE COMPANY; AMERICAN MARINE CORP.; JOHN DOES, 1-3,

          Defendants-Appellees,

 and

MUTUAL OF OMAHA MARKETING CORPORATION,

          Defendant.

No.   20-35023

D.C. No. 9:17-cv-00165-DLC
District of Montana, Missoula

ORDER

Before: GOULD and FRIEDLAND, Circuit Judges, and OTAKE,* District Judge.

The Memorandum Disposition filed on February 9, 2021, is withdrawn and replaced with a new Memorandum Disposition filed concurrently with this order.

---

     * The Honorable Jill Otake, United States District Judge for the District of Hawaii, sitting by designation.

With this order, the panel unanimously votes to deny the petition for panel rehearing. The petition for rehearing is **DENIED**.

Future petitions for rehearing will be permitted under the usual deadlines outlined in Federal Rules of Appellate Procedure 35(c) and 40(a)(1).

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 11 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTATE OF KIRK ANTHONY FOSTER, through Kelly M. Foster, Personal Representative for the Estate of Kirk Anthony Foster; KELLY M. FOSTER, as an individual, | No.    20-35023 |
| | D.C. No. 9:17-cv-00165-DLC |
| Plaintiffs-Appellants, | |
| | MEMORANDUM* |
| v. | |
| AMERICAN MARINE SVS GROUP BENEFIT PLAN; UNITED OF OMAHA LIFE INSURANCE COMPANY; AMERICAN MARINE CORP.; JOHN DOES, 1-3, | |
| Defendants-Appellees, | |
| and | |
| MUTUAL OF OMAHA MARKETING CORPORATION, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted November 20, 2020

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submission Withdrawn December 1, 2020
Resubmitted January 22, 2021
Seattle, Washington

Before:  GOULD and FRIEDLAND, Circuit Judges, and OTAKE,[**] District Judge.

Kelly M. Foster, individually and as personal representative of the Estate of her husband Kirk A. Foster, brought this action pursuant to the Employee Retirement Income Security Act's ("ERISA") civil enforcement provision, 29 U.S.C. §1132(a), against Defendant-Appellees American Marine SVS Group Benefit Plan and American Marine Corporation (collectively "American Marine") and United of Omaha Life Insurance Company ("United").  As Kirk's named beneficiary, Foster alleges that Defendants wrongfully denied her claim for life insurance benefits after Kirk died of esophageal cancer on June 24, 2016.  Foster filed an unsuccessful administrative appeal, followed by a complaint in the U.S. District Court for the District of Montana, in which she asserted five claims for relief against American Marine and United.  The district court dismissed two counts and granted summary judgment to Defendants on the remaining three.  We affirm as to United, and we affirm in part and reverse and remand in part as to American Marine.

Kirk worked for American Marine as a Health, Safety, Environmental &

---

[**]     The Honorable Jill Otake, United States District Judge for the District of Hawaii, sitting by designation.

Security Manager. In March 2015, Kirk became terminally ill with esophageal cancer. On February 1, 2016, American Marine laid Kirk off. According to text message logs, the news left Kirk "in shock" and "despondent . . . [in] the most vulnerable period of [his] life."

Despite being laid off, Kirk's relationship with American Marine continued. American Marine worked with Kirk to file a claim with United for Kirk to receive long-term disability (LTD) benefits, which was approved on February 15. American Marine also permitted Kirk to exhaust twenty accrued vacation days and thirty-five accrued sick days before he would stop receiving a salary. This allowed Kirk to stay on the company's payroll until April 15. American Marine closed Kirk's email account one week later, on April 21, only to turn it back on after Kirk volunteered to keep training his replacement. Due to his declining health, Kirk ceased providing volunteer services to American Marine on April 26. He continued to receive LTD benefits, however, until he died on June 24.

On July 7, 2016, Foster filed a claim with United for Kirk's life insurance benefits. United denied the claim, stating that Kirk was ineligible for benefits because American Marine had stopped paying life insurance policy premiums on his behalf as of April 30. This appeal concerns, among other issues, whether Kirk received sufficient notice that his life insurance coverage would end on that date unless he converted the policy to an individual policy and started paying the

premiums himself.

As an American Marine employee, Kirk was entitled to group life insurance benefits under a policy issued by United and administered by American Marine. The substantive terms of the policy are contained in the Life Insurance Certificate and Summary Plan Description (the "Life Certificate/SPD"). It is undisputed that Kirk had a copy of the Life Certificate/SPD.

According to the Life Certificate/SPD, a covered employee's insurance ends on the earliest of:

> (a) the day this Policy terminates;
> (b) the day any premium contribution for Your insurance is due and unpaid;
> (c) the day before You enter the Armed Forces on active duty…; or
> (d) the last day of the Policy month in which the day You are no longer eligible. You will no longer be eligible when the earliest of the following occurs:
> > (1) You are not in an eligible classification described in the Schedule;
> > (2) Your employment with the Policyholder ends;
> > (3) You are not Actively Employed; *or*
> > (4) You do not satisfy any other eligibility condition described in this Policy.

Elsewhere, the Life Certificate/SPD indicates that insurance will end for employees who have been laid off on "the last day of the month in which [an employee] ha[s] been laid off or go[es] on a leave of absence approved by the Policyholder." If an employee's life insurance ends because his employment ends, he is entitled to a "conversion privilege," meaning that he can apply for an

4

individual policy within thirty-one days.  If an employee dies during the conversion period, United will pay "the amount of group life insurance [the employee was] entitled to convert."

The Life Certificate/SPD contains an exception to the end of insurance coverage for "totally disabled" employees.  A "totally disabled" employee may qualify for continued life insurance benefits "without payment of premium" if, among other things, he has completed a nine-month "disability elimination period" during which he remained totally disabled and premium payments continued.  If the employee dies during the disability elimination period, benefits will be paid to his beneficiary.

United concluded that Kirk was ineligible for life insurance benefits when he died on June 24, 2016, because (1) his life insurance coverage ended when American Marine stopped paying premiums on April 30; (2) he failed to exercise his conversion privilege within thirty-one days, or by May 31; and (3) his death in June did not occur during the conversion period.  United also determined that, although Kirk was totally disabled as of February 1, 2016, he did not qualify for a waiver of the life insurance premium because he had not completed the disability elimination period, which required nine consecutive months of total disability coupled with premium payments.  Relatedly, according to United, Kirk did not qualify for life insurance benefits under the provision that grants benefits to

5

employees who die *during* the disability elimination period, because the period ended for Kirk in April when American Marine stopped paying premiums.

Following an unsuccessful administrative appeal, Foster brought this action in federal court. The first two counts in Foster's complaint were dismissed and are not relevant to this appeal. The remaining counts alleged that Defendants failed to provide notice that Kirk's life insurance benefits were ending, thereby denying him his conversion privilege (Count III); that Defendants failed to provide notice of the conversion right as required under Hawaii state law (Count V);[1] and that American Marine breached a fiduciary duty to Kirk (Count VI). The district court granted summary judgment to Defendants on these remaining counts, and this appeal followed.

The district court erred when it granted summary judgment to American Marine on Counts III and VI.[2] ERISA "requires fiduciaries to deal fairly and

---

[1] The complaint does not include a "Count IV."

[2] American Marine argues that Foster waived any challenge to the district court's rulings on Counts III and VI by failing to raise them in her opening brief. We disagree. Although we "'will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief,' [w]e have discretion to review an issue not raised by appellant . . . when it is raised in the appellee's brief." *In re Riverside-Linden Inv. Co.*, 945 F.2d 320, 324 (9th Cir. 1991) (citations omitted) (quoting *Miller v. Fairchild Indus, Inc.*, 797 F.2d 727, 738 (9th Cir. 1986); *cf. Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004) (explaining that the respondent "suffers no prejudice from [a petitioner's] failure to properly raise [an] issue" when the respondent briefed it in its answer). Because American Marine briefed the issue of whether it satisfied its ERISA obligations, we may properly exercise our discretion to reach the issue.

6

honestly with beneficiaries." *Farr v. U.S. W. Commc'ns, Inc.*, 151 F.3d 908, 915 (9th Cir. 1998). As relevant here, a fiduciary "has an obligation to convey complete and accurate information material to the beneficiary's circumstance, even when a beneficiary has not specifically asked for the information." *Id.* at 914 (quoting *Barker v. Am. Mobil Power Corp.*, 64 F.3d 1397, 1403 (9th Cir. 1995)).

American Marine argues that it clearly satisfied its ERISA fiduciary obligations by providing Kirk with the Life Certificate/SPD, which apprised him of his conversion rights. In support of this contention, American Marine relies on *Stahl v. Tony's Bldg. Materials, Inc.*, 875 F.2d 1404 (9th Cir. 1989), where we held that a plan administrator did not have a duty to notify a participant—beyond publishing a summary plan description—that his pension benefits could be significantly reduced if the collective bargaining agreement between his union and his employer expired. *Id.* at 1409-10. But *Stahl* does not stand for the broad proposition that an employer-fiduciary can automatically avoid liability by publishing a summary plan description. *See Bins v. Exxon Co. U.S.A.*, 220 F.3d 1042, 1053 n.10 (9th Cir. 2000) (en banc). The question here is whether, under the particular circumstances of Kirk's employment termination, American Marine's duty to provide complete and accurate information required more than sending Kirk the Life Certificate/SPD. *See Washington v. Bert Bell/Pete Rozelle NFL Ret. Plan*, 504 F.3d 818, 823 (9th Cir. 2007).

We hold that American Marine was required to provide further explanation under the circumstances. Although Kirk had notice of the existence of the conversion policy, the Life Certificate/SPD is ambiguous as to the exact date that the thirty-one-day conversion clock started for Kirk. It could have been February 29, or "the last day of the month in which he was laid off." It could have been April 30, the last day of the month when Kirk stopped being paid. Or, it could have been an even later date, so long as American Marine continued paying premiums and Kirk remained totally disabled. This ambiguity was magnified when American Marine continued paying Kirk's life insurance premiums and his LTD insurance premiums after February—the month when Kirk was laid off—which may otherwise have been the most likely understanding of his month of termination. The Life Certificate/SPD thus provided incomplete information to Kirk as to when his life insurance benefits would end and the conversion clock would start. Meanwhile, American Marine knew exactly when Kirk's benefits would expire because it controlled when it stopped making premium payments. Under the circumstances, American Marine had an obligation to paint a more complete picture for Kirk.[3]

---

[3] The record contains a memo dated April 19, 2016, that American Marine apparently sent to Kirk and that included a partially completed portability coverage application, but Foster says Kirk never received it. Even if American Marine is correct that the mailbox rule would apply to the memo, that rule creates a

We find further support for this conclusion in the evidence of Kirk's relationship with American Marine after he was laid off, and especially in American Marine's understanding that Kirk was severely ill. American Marine's contact with Kirk lasted until within a week of Kirk's physical condition deteriorating to the point that he could no longer provide volunteer services to the company, or April 26, 2016. Given American Marine's awareness of his circumstances, the company should have realized that Kirk would be interested in maintaining his life insurance coverage and would need information about precisely when he would need to act to do so.

We therefore reverse insofar as the district court held that American Marine had no duty to notify Kirk that his life insurance coverage would end on April 30, 2016, beyond sending him the Life Certificate/SPD. Although Kirk knew about the conversion period because he had the Life Certificate/SPD—and the evidence strongly suggests that Kirk knew he would stop receiving salary payments on April 15—these facts alone do not compel the conclusion that Kirk knew American Marine would stop paying his life insurance premiums in April. A genuine issue of material fact thus exists as to whether Kirk knew when his coverage would

---

rebuttable presumption that Foster could potentially overcome on remand. *See Schikore v. BankAmerica Supplemental Ret. Plan*, 269 F.3d 956, 961, 965 (9th Cir. 2001). This issue is one that would need to be litigated in the first instance in the district court.

expire.

We affirm the district court's grant of summary judgment on Count III as to United (and on Count VI, to the extent it was asserted against United). Unlike American Marine, United's fiduciary responsibilities were limited to claim administration and policy interpretation. As the district court correctly held, the Life Certificate/SPD adequately described the terms of the life insurance policy, including the conversion privilege. The issue here is not whether United correctly interpreted the policy when it denied Foster's claim in July 2016, but whether Kirk was properly notified of his rights by American Marine before they expired.

Relatedly, we reject Foster's argument that United improperly refunded a premium payment that American Marine made for May 2016. The record shows that in April 2016, American Marine paid Group Life Policy premiums for its employees, including for Kirk, for the month of May. On April 26, American Marine sent United (apparently without copying Kirk) an "employee termination report" stating that Kirk's employment had ended on April 15 and requesting that Kirk be removed from the group policy as of May 1. Pursuant to its billing policies, United complied with American Marine's request and refunded American Marine for Kirk's May premium in the billing statement for June. Contrary to Foster's assertions, it was not improper for United to refund the May premium payment or to determine that Kirk was no longer covered as of May 1, 2016.

We also affirm the district court's judgment on Count V as to both Defendants. Hawaii law requires that eligible individuals be given notice of "the existence of" a conversion right at least fifteen days prior to its expiration. Haw. Rev. Stat. § 431:10D–214. Kirk received notice of the existence of his conversion right when American Marine sent him the Life Certificate/SPD on February 1, 2016. Foster has not contested on appeal the district court's interpretation that the Life Certificate/SPD satisfied the notice requirement under Hawaii law, and no party has pointed us to any Hawaii case interpreting this provision. We therefore decline in this action to consider whether the Hawaii statute requires a more specific kind of notice.

**AFFIRMED in part; REVERSED and REMANDED in part. Each party shall bear their own costs.**